USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMA BUSH,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

19 Civ. 5319 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se* brings this action under 42 U.S.C. § 1983[1] against Defendant, the City of New York, alleging violations of his First Amendment rights. Compl., ECF No. 2. Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Mot., ECF No. 24. For the reasons stated below, Defendant's motion is GRANTED.

**BACKGROUND**

The following facts are taken from Plaintiff's complaint. Plaintiff, a pretrial detainee housed at the Manhattan Detention Complex (the "MDC"), alleges that his religious rights were violated when Defendant prohibited him from attending Islamic services during Ramadan between April 12, 2019, and May 24, 2019. Compl. ¶¶ III.,V. He claims that he was not permitted to attend services on at least seven occasions. *Id*. Plaintiff states that services were "called," but they were never announced, and that they were not placed in the logbook. *Id*. As a result, he was unable to practice and study his faith and religion. *Id*. He filed a grievance in connection with these incidents on May 6, 2019. *Id*.

By complaint dated May 28, 2019, Plaintiff commenced a lawsuit in this Court against the New York City Department of Corrections (the "DOC"), the New York City Board of

[1] Although the complaint does not reference § 1983 explicitly, upon review of the complaint and in light of Plaintiff's *pro se* status, the Court construes the complaint to allege a claim under § 1983. *See Portillo v. City of New York*, No. 17 Civ. 6675, 2020 WL 2836435, at *4 (S.D.N.Y. June 1, 2020).

Correction (the "BOC"), the MDC, and Sherma Dunbar. *Id.* ¶¶ IV, VII. This Court dismissed the claims against the DOC and the BOC, and substituted the City of New York as Defendant. ECF No. 9 at 2. The Court also dismissed claims against the MDC and Sherma Dunbar for failure to state a claim. *Id*. at 3–4.

On October 1, 2019, Plaintiff filed an additional declaration along with a notice of motion. ECF Nos. 13–14. Plaintiff once again alleged that he was deprived of his right to practice his faith. ECF No. 14 at 1. Additionally, he asserts that he has been deprived of his freedom and liberty because he was improperly placed in a segregated environment that houses gang members. *Id*. at 2. This placement, he contends, has further limited his ability to practice his faith and has resulted in the denial of certain foods associated with his religious observance. *Id*. Plaintiff seeks money damages and injunctive relief. Compl. ¶ VI.

**DISCUSSION**

I. 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. A court must accept the factual allegations in the complaint as true and draw all reasonable inferences in

the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

A court will "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'" *Bertin v. United States,* 478 F.3d 489, 491 (2d Cir. 2007) (citing *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)) (internal citations omitted). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)). Although courts are "obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [courts] cannot invent factual allegations that he has not pled." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010).

II. Exhaustion Under the PLRA

The Prison Litigation Reform Act (the "PLRA") provides that "no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Cruz v. City of New York,* No. 13 Civ. 2327, 2015 WL 464021, at *3 (S.D.N.Y. Jan. 30, 2015) (internal alterations omitted); *see also* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews,* 655 F.3d 89, 96 (2d Cir. 2011). Although a plaintiff need not specifically plead exhaustion to survive

a motion to dismiss, a complaint may be dismissed for failure to exhaust administrative remedies if the failure is clear from the face of the complaint. *Roland v. Smith*, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012).

Plaintiff is not entitled to relief because he failed to exhaust administrative remedies prior to filing his complaint. Def. Mem. at 5–10, ECF No. 26. The DOC has a formal grievance process known as the Inmate Grievance and Request Program (the "IGRP"),[2] which the Court may take judicial notice of as a matter of public record. *See Myers v. City of New York*, No. 11 Civ. 8525, 2012 WL 3776707, at *4 n.6 (S.D.N.Y. Aug. 29, 2012) (collecting cases). Inmates are required to follow a four-step review process to file and appeal grievances. *Stoke v. DeBlasio*, No. 17 Civ. 7890, 2019 WL 132279, at *2 (S.D.N.Y. Jan. 8, 2019). Courts in this district have noted that the grievance process may take several weeks to complete. *Id*. "Inmates must complete all four steps to fully exhaust the administrative grievance procedure." *Id*.; *Cary v. City of New York*, No. 17 Civ. 6443, 2018 WL 1581988, at *3 (S.D.N.Y. Mar. 27, 2018). Indeed, at several steps of the grievance process, each party has between five and fifteen days to respond, appeal, or provide a disposition. *See McNair v. Ponte*, No. 17 Civ. 2976, 2020 WL 3402815, at *6 (S.D.N.Y. June 18, 2020).[3]

Plaintiff signed the complaint in this action on May 28, 2019[4]—twenty-two calendar

---

[2] City of New York Dep't of Corr., Directive 3376, http://www nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf.

[3] Specifically, the IGRP provides that inmates are required to: "(1) submit a complaint for informal resolution; (2) if the inmate disagrees with the proposed resolution, the inmate has five business days to appeal and request a formal hearing; (3) if the inmate disagrees with the Inmate Grievance Resolution Committee's disposition, the inmate has five business days to appeal to the facility's commanding officer; and (4) if the inmate disagrees with the commanding officer's disposition, the inmate has five business days to appeal to the Central Office Review Committee . . ., which would render a disposition within fifteen business days of receiving the appeal." *McNair*, 2020 WL 3402815, at *6.

[4] Plaintiff's complaint fails to indicate the date on which he delivered his complaint to prison authorities for mailing. Compl. at 6. "The "prisoner mailbox rule" provides that an inmate's papers are deemed filed the day that they are signed and given to prison officials for mailing. *United States v. Resnick*, 451 F. Supp. 3d 262, 269 (S.D.N.Y. 2020); *Houston v. Lack*, 487 U.S. 266, 276 (1988). District courts in this circuit "have tended to assume that

days, and just fifteen business days, after his initial grievance on May 6, 2019. Thus, Plaintiff could not have completed the entire grievance process before filing his complaint. *Cary*, 2018 WL 1581988, at *3 (finding that it would take approximately "five or six weeks from the filing of the initial grievance to complete the mandated grievance process").

The Court notes that Plaintiff's affidavit in opposition to this motion appears to contain additional factual allegations, including that he allegedly requested a grievance hearing on May 20, 2019, but never received a response. ECF No. 34 ¶¶ 11–12. He has also attached various letters dated May 24, 2019, June 20, 2019, and July 7, 2019, which are addressed to "inmate grievance," concerning his request for a hearing.[5] *Id*. at 17–19. The Court may not properly consider these additional factual allegations in ruling on a motion to dismiss. *See Peter F. Gaito Architecture, LLC, v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) ("[A] court may consider the fact as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated by reference." (internal quotation marks and citation omitted)). However, in the event that Plaintiff files an amended complaint, Plaintiff is directed to produce all evidence demonstrating that he has exhausted all available administrative relief as to any alleged wrongdoing.

Accordingly, the Court finds that Plaintiff has not exhausted his administrative remedies and Defendant's motion to dismiss is GRANTED.[6]

---

prisoners' papers were given to prison officials on the date of their signing." *See Hardy v. Conway*, 162 Fed. App'x 61, 62 (2d Cir. 2006). Thus, the Court will use May 28, 2019, as the operative date.

[5] The Court notes that Defendant has sought to introduce declarations and other supporting documentation tending to cast doubt on the documents and facts asserted by Plaintiff in his opposition. *See* ECF No. 37. None of this, however, is appropriate to consider on a motion to dismiss. *Henry Avocado Corp. v. Z.J.D. Brother, LLC*, No. 17 Civ. 4559, 2017 WL 6501864, at *3 (E.D.N.Y. Dec. 19, 2017).

[6] The Court finds that injunctive relief is not warranted. *See* Compl. ¶ VI. Plaintiff appears to be seeking injunctive relief against DOC employees "[in their] own capacities." *Id*. The Court notes that it has dismissed all individual defendants. *See* ECF No. 9. Nevertheless, "[a]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *See Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011). Plaintiff has represented to the Court that he is no longer housed at the MDC. *See* ECF No. 16; ECF

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. By **April 30, 2021**, Plaintiff shall file an amended complaint. The Clerk of Court is directed to terminate the motion at ECF No. 24, and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: March 30, 2021
New York, New York

ANALISA TORRES
United States District Judge

No. 34 at 16. Accordingly, the Court holds that his claims for injunctive relief against the individual defendants are moot.